UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOAC Mall Holdings LLC, | Case No. 22-cv-1557 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |
| The Walking Company and WalkingCo, LLC, | |
| Defendants. | |

This matter is before the Court on Plaintiff MOAC Mall Holdings, LLC's (MOAC) motion for remand. (Dkt. 13.) Plaintiff seeks remand of this matter to state court on the basis that removing Defendant WalkingCo, LLC (WalkingCo) failed to secure non-removing Defendant The Walking Company's (TWC) consent to remove this matter to federal court. For the reasons addressed below, the Court grants MOAC's motion.

BACKGROUND

MOAC is a limited liability corporation that owns the Mall of America and leases commercial tenancies to businesses in the mall. Defendants TWC and WalkingCo are two separate entities, but both operate retail footwear businesses. TWC incorporated in Delaware at some point before 2004, and WalkingCo organized under the laws of Delaware in 2020.

In 2013, TWC signed a commercial lease with MOAC and opened a retail store at the Mall of America. In 2018, TWC and its holding company filed for bankruptcy. As part of the bankruptcy proceedings, TWC and MOAC negotiated a lease amendment that

temporarily reduced TWC's rent. MOAC alleges that TWC stopped making its rent payments shortly after these bankruptcy proceedings. After the rent payments ceased, MOAC notified TWC of the lease breach, served TWC with a summons and complaint in December 2020 and obtained a state court default judgment against TWC for $1,450,000.

MOAC alleges that while MOAC pursued TWC for its past-due rent, TWC and its holding companies took a series of steps to insulate TWC from any liability to MOAC, which allegedly include forming a new entity "for the diversion of TWC's assets outside the reach of its creditors," removing TWC and its entire inventory from the mall in a span of two weeks and transferring "substantially all" of TWC's assets to a newly formed company—WalkingCo—for a below-value bid. According to MOAC, WalkingCo now employs TWC's former officers and manages TWC's inventory in an exclusively online model. MOAC alleges that "WalkingCo is merely a continuation of TWC."

On May 23, 2022, MOAC sued TWC and WalkingCo in Hennepin County District Court, Fourth Judicial District, for violating Minnesota's Uniform Voidable Transaction Act, unjust enrichment and successor liability. MOAC served TWC and WalkingCo on May 25, 2022. WalkingCo timely filed a notice of removal to this Court on June 13, 2022. WalkingCo filed an answer to the complaint approximately one week later. At no time following MOAC's complaint has any party indicated consent, or lack thereof, to WalkingCo's removal of this matter on behalf of TWC. TWC has made no appearance in this matter to date.

Shortly after WalkingCo removed this matter to federal court, MOAC moved for remand to state court. WalkingCo opposes MOAC's motion and TWC has not responded.

2

## ANALYSIS

Federal statutory law, 28 U.S.C. §§ 1441, 1446, governs the removal of civil actions from state court to federal court. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Following removal, "[a] motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The party or parties seeking a federal forum "have the burden of establishing jurisdiction by a preponderance of the evidence," *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (internal citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court," *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (same).

In cases that involve multiple defendants, removal requires the unanimous consent of all defendants. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (framing non-unanimous consent as a "defect" in removal). While the United States Court of Appeals for the Eighth Circuit interprets this "rule of unanimity" with some flexibility, the Eighth Circuit requires, at a minimum, "some timely filed written indication from each served defendant . . . that [each] defendant has actually consented to the removal." *Christiansen*, 674 F.3d at 932 (internal quotation marks omitted). This requirement "prevent[s] removing defendants

3

from . . . forcing [non-removing] codefendants into a federal forum against their will." *Griffioen v. Cedar Rapids*, 785 F.3d 1182, 1187–88 (8th Cir. 2015).

In support of its motion for remand, MOAC argues that "TWC did not consent [to removal] and can no longer do so." WalkingCo responds that the rule of unanimity does not apply to this case because of an exception for nominal defendants. As relevant here, the rule of unanimity excepts nominal defendants from the requirement of unanimous consent to removal. *See Thorn*, 305 F.3d at 833. Nominal parties are those "against whom no real relief is sought." *Id*. (treating as nominal the parent union of real-party local union). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case . . . ." *Hartford Fire Ins. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) (citing *Shaughnessy v. Pedreiro*, 349 U.S. 49, 54 (1955)). Various attributes of a defendant influence the nominal party analysis, and the simple fact of corporate dissolution does not necessarily make a defendant nominal. *See Bejcek v. Allied Life Fin. Corp.*, 131 F. Supp. 2d 1109, 1112 (S.D. Iowa 2001). But to the extent a defendant restructures itself, courts may, depending on the facts of that restructuring, treat that defendant as a nominal party. *See, e.g.*, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3rd Cir. 2013); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

Eighth Circuit caselaw does not directly address removal principals as applied to claims like those at issue here. But because "practical considerations" drive the determination of party status, *Shaughnessy*, 349 U.S. at 54, an analogous decision from

4

the United States District Court for the Western District of Virginia merits attention. In *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434 (W.D. Va. 1990), plaintiff-tenants sued two corporations: one (RH) for breach of contract, and the other (IBS) for allegedly acquiring RH's assets through a series of fraudulent conveyances. *See* 748 F. Supp. 434, 435 (W.D. Va. 1990).

IBS removed the suit to federal court without the timely consent of RH. When the plaintiffs moved for remand, IBS argued that RH never needed to consent because, having neither assets nor business engagements when the plaintiffs filed suit, RH should be treated as a nominal party. *See id*. The court rejected IBS's argument and granted the plaintiff-tenant's motion for remand, concluding that their claims of fraudulent conveyance directly implicated RH:

> To the extent that [plaintiffs'] allegation [of fraudulent conveyance] is proven . . ., RH emerges as a critically important party in this lawsuit. If the plaintiffs can show that RH did, in fact, fraudulently convey its assets to IBS, then the court hearing the case could order IBS to return all of the assets in question to RH, and in that event, RH would have assets to be applied to satisfying its debt to the plaintiffs. On this basis alone, RH's participation in this lawsuit can hardly be characterized as nominal, or "in name only."

*Id*. at 438.

WalkingCo argues TWC should be treated as a nominal party because TWC is, according to WalkingCo, defunct. MOAC and WalkingCo agree that TWC is insolvent and lacks assets, *see Johnson*, 724 F.3d at 359, but neither party asserts that TWC has dissolved or otherwise ceased to exist, *see Bejcek*, 131 F. Supp. 2d at 1112. TWC is

5

neither defunct in the manner that WalkingCo alleges, nor as defunct an entity as corporations that other courts have treated as nominal, *see Johnson*, 724 F.3d at 359.

In *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (2013), the United States Court of Appeals for the Third Circuit treated as nominal Pennsylvania corporation SmithKline Beecham (SKB) following SKB's incorporation in Delaware and subsequent conversion to an LLC. *See* 724 F.3d at 359. When considering SKB's successive corporate forms, the Third Circuit treated SKB as defunct, observing that SKB no longer held any "debts, liabilities [or] duties" because its successor Delaware company had "stepped into [SKB]'s shoes." *Id*. *Johnson* permits courts to treat a party as defunct for party-status purposes if a discrete end to that party's operations can be traced and identified, such as its relinquishment of all business to a successor.

Here, WalkingCo attempts to avoid any such connection with TWC. WalkingCo argues that "[t]he mere purchase of assets does not in any way bind WalkingCo, a separate corporate entity and complete stranger," to TWC. But the same facts in *Johnson* that linked SKB with its successor company link TWC and WalkingCo. A fair reading of *Johnson*, therefore, would permit WalkingCo to argue that TWC is defunct and should be treated as a nominal party, but only to the extent that WalkingCo admits to its relationship with TWC, if not to its status as TWC's successor. WalkingCo admitted in its answer to the complaint that it purchased "substantially all of TWC's assets," and that several former officers of TWC now work for WalkingCo. But in its response to MOAC's motion for remand, WalkingCo attempts to present itself as a "separate corporate entity" and "complete stranger" from TWC. Presumably, WalkingCo

seeks to present itself in this light in order to avoid exposing itself to MOAC's claims or to liability for the outstanding monetary judgment against TWC. But logic and fairness weigh against permitting WalkingCo to invoke the nominal party exception without providing the factual justification required in cases such as *Johnson*. WalkingCo impliedly refuses to provide any such justification by distancing itself from TWC in its responsive pleadings. WalkingCo, therefore, may not invoke the nominal party exception as to TWC.

WalkingCo's arguments also sidestep the nature of MOAC's claims against TWC. As cases like *Bellone* demonstrate, the record thus far indicates that TWC is a "critically important party" in this matter. 748 F. Supp. at 435. WalkingCo correctly asserts that MOAC's complaint primarily targets WalkingCo for relief, and not TWC. But the nature of the statute that gives rise to MOAC's claims could require WalkingCo to return the assets it acquired to TWC, thereby setting the stage for MOAC to collect its outstanding default judgment against TWC. *See* Minn. Stat. § 513.47(a)(1). In this way, MOAC plainly seeks relief against—and may very well recover from—TWC. *See Thorn*, 305 F.3d at 833. Moreover, the corporate maneuvering that MOAC alleges attend TWCs and WalkingCo's relationship mirror the maneuvering that connected the two defendants in *Bellone*. Just as MOAC has sued TWC and WalkingCo in this matter, the plaintiff-tenants in *Bellone* sued two corporations on the theory that one breached its contract with the plaintiff-tenants, and that the other attempted to help the first corporation to escape liability for that breach by fraudulently shielding the first corporation's assets. *See Bellone*, 748 F. Supp. at 435. In granting the plaintiffs' motion

for remand, the district court in *Bellone* concluded that the removing corporate defendant could not secure removal jurisdiction without the consent of the allegedly defunct corporate defendant. *See id*. at 438. The court concluded that as "the principal alleged wrongdoer," the non-removing defendant was a "necessary and indispensable party" such that the removing defendant could not invoke the nominal party exception. *Id*. The same is true here. As a result of alleged asset-shifting between TWC and WalkingCo, MOAC must pursue WalkingCo for harms allegedly perpetrated by TWC. Nevertheless, TWC remains the "principal alleged wrongdoer." TWC, not WalkingCo, breached its lease with MOAC; and TWC, not WalkingCo, stands responsible for a $1.4 million state-court judgment in favor of MOAC.

In light of this matter's "particular facts and circumstances," *Hartford Fire*, 736 F.3d at 260, the Court concludes that TWC is not a nominal party and that WalkingCo's failure to secure TWC's consent to removal constitutes a defect within the meaning of 28 U.S.C. § 1447(a). Because a "defect" exists in WalkingCo's removal of this matter, remand is warranted. *See Christiansen*, 674 F.3d at 932; *see also In re Prempro*, 591 F.3d at 620 (resolving all doubts about federal jurisdiction in favor of remand).

For these reasons, the Court grants MOAC's motion for remand to state court.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff MOAC Mall Holdings LLC's motion for remand to state court, (Dkt. 13), is **GRANTED**.

2. The Clerk of Court shall mail a certified copy of this Order to the Court Administrator for the Hennepin County District Court, Fourth Judicial District.

Dated: January 12, 2023                                                     s/Wilhelmina M. Wright
                                                                                                             Wilhelmina M. Wright
                                                                                                             United States District Judge